# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES, | Case No. 1:11-cv-01876-AWI-SKO |
| Plaintiff, | **ORDER DENYING WITHOUT PREJUDICE MOTION TO WITHDRAW AS ATTORNEY OF RECORD FOR CLAIMANT VERONICA LEON ABREO** |
| v. | |
| 1968 CHEVROLET CAMARO SUPER SPORT, LICENSE: 400WTZ, VIN: 123678N381592, | (Docket No. 26) |
| Defendant. | |
| _____/ | |

On September 5, 2013, Robert L. Forkner ("Counsel"), counsel for Claimant Veronica Leon Abreo ("Claimant"), re-filed a motion to withdraw as counsel of record. (Doc. 26.) For the reasons set forth below, Counsel's motion is DENIED WITHOUT PREJUDICE.

Counsel had previously submitted a motion to withdraw as counsel on August 7, 2013, which was denied without prejudice by the Court on September 3, 2013, as being procedurally defective. (Docs. 24, 25.)

Rule 182(d) of the Local Rules for the United States District Court, Eastern District of California provides specific requirements for the withdrawal of counsel where, as here, the attorney will leave the client in *propria persona*. Local Rule 182(d) provides, in pertinent part:

> Unless otherwise provided herein, an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall

provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw.

Counsel's previous request to withdraw was denied without prejudice due to procedural defects. (Doc. 25.) Specifically, the prior motion was not noticed and failed to provide an affidavit by Counsel as required under Local Rule 182(d). Counsel re-filed the motion on September 5, 2013. (Doc. 26.) While the instant motion was noticed,[1] Counsel again failed to provide an affidavit or declaration setting forth the information required under Local Rule 182(d). Instead, counsel filed an identical motion to the one that had previously been rejected by the Court as being procedurally defective. (*See* Docs. 24-26.)

Local Rule 182(d) requires Counsel to "provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw." Counsel's instant motion does not provide an affidavit, nor does it set forth the client's current or last known address or addresses or Counsel's efforts to notify the client of the motion to withdraw. (*See* Doc. 26.)

Counsel's continued failure to meet the requirements set forth in Local Rule 182(d) precludes the Court from considering the motion to withdraw at this time. If Counsel wishes to re-file a motion to withdraw that complies with Local Rule 182(d), he may do so. Counsel, however, should be aware that the Court will not consider the merits of a motion to withdraw until one is filed that fully complies with the requirements set forth in the Local Rules.

Accordingly, IT IS HEREBY ORDERED that Counsel's motion to withdraw as attorney of record for Claimant is DENIED WITHOUT PREJUDICE and the hearing scheduled for October 9, 2013, is VACATED.

IT IS SO ORDERED.

Dated:   **September 20, 2013**              /s/ Sheila K. Oberto
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] As counsel failed to give 28-days notice as required pursuant to Local Rule 230, the court continued the scheduled hearing date to provide for proper notice. (Docs. 26, 27.)